

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-10-2007

# USA v. Pinkston

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2789

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Pinkston" (2007). *2007 Decisions.* Paper 600.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/600

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-2789

———————

UNITED STATES OF AMERICA

v.

KENYATTA PINKSTON,
                                         Appellant
(D.C. Crim. No. 03-cr-00342-2)

———————

No. 05-2790

———————

UNITED STATES OF AMERICA

v.

MAWULDA PINKSTON,
                                         Appellant
(D.C. Crim. No. 03-cr-00342-1)

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
District Judge:  The Honorable Garrett E. Brown, Jr., Chief Judge

———————

Submitted Under Third Circuit LAR 34.1(a)
June 26, 2007

———————

Before: BARRY, FUENTES, and JORDAN, <u>Circuit Judges</u>

(Opinion Filed: August 10, 2007)

---

OPINION

---

BARRY, <u>Circuit Judge</u>

Kenyatta Pinkston and Mawulda Pinkston were sentenced to terms of imprisonment of 212 months and 190 months, respectively, and they appeal. The District Court imposed the sentences after we affirmed the convictions but remanded for re-sentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Pinkston*, 126 Fed. Appx. 537 (3d Cir. 2005). We will affirm. [1]

**I.**

The Pinkston brothers, after an eight-day bench trial, were convicted of one count of conspiracy to distribute and possession with intent to distribute more than fifty grams of crack cocaine and seven counts of distribution and possession with intent to distribute either powder cocaine or crack cocaine, all in connection with a drug distribution business they operated in Trenton, New Jersey.[2] The District Court initially sentenced Kenyatta to

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

[2] The Pinkstons were identified as the regular suppliers of marijuana, cocaine, and ecstacy for the government cooperator, a local drug dealer. The charges stemmed from a total of seven controlled drug transactions – four of crack cocaine and three of powder cocaine – by one or both of the Pinkstons during a three week period. The total amount of drugs involved in the transactions was 126.9 grams of crack cocaine and 176.3 grams of powder cocaine.

235 months imprisonment and Mawulda to 210 months imprisonment. On remand, and in support of lower sentences, the Pinkstons primarily contended that *Booker* allowed the District Court to consider the crack cocaine/powder cocaine differential as an equitable consideration, and pointed to the Sentencing Commission's recommendation to Congress that it reexamine and adjust the differential.[3] They also argued that, under *Booker*, a two-point enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) should not apply because the District Court did not find possession of a weapon beyond a reasonable doubt.

The District Court, in response, noted concerns with sentencing disparities among the class of those convicted of crack cocaine offenses, as well as Congress's policy decision, on more than one occasion, to reject the Sentencing Commission's recommendation to adjust the crack cocaine/powder cocaine ratio, and stated: "I certainly should consider those issues. I'm not bound by them. I don't have to do it, but looking at the wisdom of the Congress . . . [and] the sentencing commission, I think we should have predictability and proportionality." App. 50. It, thus, rejected the arguments addressed to the crack cocaine/powder cocaine differential,[4] continuing to believe that the sentences it

---

[3] All other factors being equal, the statutory mandatory minimum sentence for a conviction for dealing 5 grams of crack cocaine is the same as that for a conviction for dealing 500 grams of powder cocaine. *United States v. Gunter*, 462 F.3d 237, 240 (3d Cir. 2006). This 100:1 ratio is reflected throughout the guidelines' suggested sentencing ranges. *See id*. at 240 n.4.

[4] The District Court rejected as well the argument addressed to the weapon enhancement, noting that even if the beyond a reasonable doubt standard applied, which it did not, the evidence satisfied that standard. We reject the Pinkstons' "enhancement" argument, which they reraise on appeal to us, without further discussion.

originally imposed were reasonable and that leniency based on the "unfairness" of the crack cocaine penalty was not deserved. Nevertheless, the Court, crediting the letters from the Pinkstons' friends and family and the support of their family, believed that more lenient sentences would, nonetheless, serve the interests of society and resentenced the Pinkstons to near the bottom of the relevant guideline ranges. We review those sentences for reasonableness. *United States v. Grier*, 475 F.3d 556, 568 (3d Cir. 2007) (en banc). We exercise plenary review over questions of law, including the interpretation of the guidelines; where factual determinations were made, we review for clear error. *Id.*

Post-*Booker*, a district court must undertake a three-step sentencing process. It must: (1) calculate, as before, the correct guidelines sentence, (2) explicitly rule on all motions, including departure motions, and (3) exercise its discretion by considering the relevant factors set forth in 18 U.S.C. § 3553(a). *Gunter*, 462 F.3d at 247. The crack cocaine/powder cocaine differential arguments which the Pinkstons bring before us implicate the District Court's compliance with the last step.

Mawulda Pinkston argues on appeal that the District Court erred by "categorically refusing" to consider the Sentencing Commission's finding that the 100:1 ratio between crack cocaine and powder cocaine is unjustified and erred in refusing to independently evaluate the seriousness of crack cocaine offenses based solely on the fact that Congress had failed to act on the Commission's findings and recommendations. Kenyatta Pinkston faults the District Court for believing itself bound to impose a sentence within the

4

guidelines range merely because Congress said so and, in believing itself so bound, elevating the crack cocaine element of the offenses over all other concerns and the 18 U.S.C. § 3553(a) factors. Indeed, continues Kenyatta, the only goal of sentencing the Court considered was incarceration and, thus, he received a sentence greater than was necessary. He contends, finally, that we were wrong when we said that a sentence within the guidelines range is more likely to be reasonable than one outside that range, *see United States v. Cooper*, 437 F.3d 324 (3d Cir. 2006), and he would have us say, instead, that post-*Booker*, a guideline range is nothing more than a "suggestion." (Kenyatta Pinkston Br. at 24).[5] We summarily reject this invitation.

The Pinkstons' remaining contentions result, in their view, in but one conclusion: the sentences were too long and, thus, were unreasonable. But the various contentions which enable them to reach this conclusion cannot withstand scrutiny. The District Court *did*, for example, consider what the Sentencing Commission had unsuccessfully asked Congress to do and made it quite clear how it viewed the seriousness of the Pinkstons' offenses separate and apart from what Congress had done or failed to do – the Pinkstons were "multi-substance, substantial drug dealers, who presented a clear and present danger to the community . . . and do so at this time," App. 47; they "imperiled the community." *Id.* at 48. The Court found, moreover, that the crack cocaine differential was a "reasoned,

---

[5] Because it was not raised before the District Court, we do not consider Kenyatta's argument, which we have rejected before, that the crack cocaine guideline has contributed to unwarranted racial disparity.

reasonable policy choice by the Congress" reflecting Congress's view – which has been "steadfast" – that crack cocaine dealers should be sentenced more harshly than other drug offenders, a view in which the Court concurred. *Id.* at 50-51. The Court also recognized the advisory nature of the guidelines, including the crack cocaine provision; recognized that it had the discretion to vary from the guidelines; and recognized, even in advance of *Gunter*, that it could and should consider the crack cocaine/powder cocaine differential as part of its consideration of § 3553(a) factors. It believed, however, after considering all of the relevant § 3553(a) factors including but not limited to the crack cocaine provision, that each of the Pinkstons' guideline ranges, as calculated, was appropriate and, although exercising leniency within those ranges, declined to impose sentences below them.

Because the District Court acted "reasonably in imposing the resulting sentence[s]," *Cooper*, 437 F.3d at 329, after exercising its discretion by considering the relevant § 3553(a) factors, we will affirm the judgments of the District Court.

6